**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| ARNOLD REEVES, | : | |
| Plaintiff, | : | Civil No. 09-5786 (JBS) |
| v. | : | |
| | : | **O P I N I O N** |
| L. BATISTE, | : | |
| Defendant. | : | |

**APPEARANCES:**

Arnold Reeves, Pro Se
Federal Correctional Institution
38595-054
P.O. Box 2000
Fort Dix, NJ 08640

**SIMANDLE, District Judge**:

Plaintiff, a federal prisoner confined at the Federal Correctional Institution ("FCI"), Fort Dix, New Jersey brings this civil action alleging violations of his constitutional rights. He has applied to proceed in forma pauperis ("IFP"), pursuant to 28 U.S.C. § 1915. This case was originally terminated for failure to pay the filing fee or properly apply to proceed IFP; however, the case was reopened after Plaintiff submitted a complete IFP application.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a

claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the following reasons, the complaint must be dismissed, without prejudice.

## BACKGROUND

Plaintiff seeks to sue L. Batiste, a counselor at FCI Fort Dix where he is currently incarcerated for relief pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971).  He asserts that defendant Batiste violated his First, Eighth, and Fourteenth Amendment rights by harassing him.

Specifically, Plaintiff submitted visitation forms to Batiste for his niece and nephew to visit him at the institution; however, Batiste did not properly act on the forms, and has lied to Plaintiff about receiving and processing them.  Plaintiff also asserts that defendant Batiste became angry with him when he brought the issue of the forms before another counselor, when Batiste was purportedly on vacation.  Batiste allegedly came into Plaintiff's cell, and told Plaintiff that he was Plaintiff's counselor, and forms should go to him.  Plaintiff contends that Batiste's manner and demeanor were "aggressive," and made Plaintiff feel "scared," "harassed," and "intimidated."

Plaintiff claims that Batiste also made known to numerous individuals that Plaintiff requested a BP-8 form from him to file

claims against a case manager, which Plaintiff contends was a private matter.

For relief, Plaintiff asks to be transferred to a different facility, specifically, the Manhattan Detention Center, so that he can maintain ties with his family.

## DISCUSSION

### A.   Standard of Review

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because plaintiff is a prisoner and is proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines

v. Kerner, 404 U.S. 519, 520-21 (1972)). See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

Recently, the Supreme Court refined this standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).[1] Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8(d).

4

plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  See id. at 1948.  The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  See id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).

**B.   *Bivens* Claims**

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971), the Supreme Court held that a violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a cause of action against that agent, individually, for damages.  The Supreme Court has also implied damages remedies directly under the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980), and the Fifth Amendment, see Davis v. Passman, 442 U.S. 228 (1979).  But "the absence of statutory relief for a constitutional violation does not necessarily mean that courts should create a damages remedy against the officer responsible for the violation." Schreiber v. Mastrogiovanni, 214 F.3d 148, 152 (3d Cir. 2000) (citing Schweiker v. Chilicky, 487 U.S. 412 (1988)).

Bivens actions are simply the federal counterpart to § 1983 actions brought against state officials who violate federal constitutional or statutory rights.  See Egervary v. Young, 366

F.3d 238, 246 (3d Cir. 2004), cert. denied, 543 U.S. 1049 (2005). Both are designed to provide redress for constitutional violations.  Thus, while the two bodies of law are not "precisely parallel", there is a "general trend" to incorporate § 1983 law into Bivens suits.  See Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987).[2]

In order to state a claim under Bivens, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law.  See Mahoney v. Nat'l Org. For Women, 681 F. Supp. 129, 132 (D. Conn. 1987) (citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)).

**C.   Plaintiff's Claims Must Be Dismissed.**

---

[2] Title 42 of the United States Code, Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

First, with regard to Plaintiff's request to transfer to a different institution, this Court notes that it is well-established that a prisoner has no liberty interest under the Due Process Clause in being confined to a particular institution.  See Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983).  The decision to transfer an inmate between prisons rests solely with prison officials.  See id.; see also 18 U.S.C. § 3621(b).  An inmate has no right to be confined in any particular prison, or to be transferred to a particular prison.  See id.; see also Young v. Quinlan, 960 F.2d 351, 358 n.16 (3d Cir. 1992); Flanagan v. Shively, 783 F. Supp. 922 (M.D. Pa.), aff'd 980 F.2d 722 (3d Cir. 1992); see also, e.g., Cardenas v. Wigen, 921 F. Supp. 286, 291-292 (E.D. Pa. 1996) (stating that: "Pursuant to 18 U.S.C. § 3621(b), the Bureau of Prisons has the power to direct the confinement of federal prisoners 'in any available facility and may transfer a prisoner from one facility to another at any time,"' even if the transfer "results in his being placed in a more restrictive or less accessible facility.").  Therefore, Plaintiff's request to be transferred is not a proper remedy in this Bivens action.

Furthermore, Plaintiff's claims alleging harassment against defendant Batiste do not rise to the level of constitutional violations.  As the United States Supreme Court has stated, "[i]ntentional harassment of even the most hardened criminals

7

cannot be tolerated by a civilized society." Hudson v. Palmer, 468 U.S. 517, 528 (1984). The Eighth Amendment protects prisoners against calculated harassment. See id. at 530. Generally, however, mere verbal harassment does not give rise to a constitutional violation. See Mimms v. U.N.I.C.O.R., 2010 WL 2747470 at *2 (3d Cir. July 13, 2010) (slip copy) (noting: "Verbal harassment of a prisoner, without more, does not violate the Eighth Amendment."); McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (taunts and threats are not an Eighth Amendment violation); Oltarzewski v. Ruggiero, 830 F.2d 136 (9th Cir. 1987) (vulgar language); Rivera v. Goord, 119 F. Supp.2d 327, 342 (S.D.N.Y. 2000) (verbal harassment does not violate inmate's constitutional rights); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185 (D.N.J. 1993); Murray v. Woodburn, 809 F. Supp. 383 (E.D. Pa. 1993); Douglas v. Marino, 684 F. Supp. 395 (D.N.J. 1988). In this case, Plaintiff's claims that he was harassed by defendant Batiste's verbal direction concerning his visit forms fails to state a claim upon which relief may be granted, as Plaintiff assertions that Batiste used an aggressive tone against him and scared him, do not rise to the level of an Eighth Amendment violation.

Moreover, if Plaintiff is asserting a claim that his family members were denied visits, in violation of the First Amendment, his claim also fails. To the extent not inconsistent with their

status as prisoners or with legitimate penological objectives, inmates have a First Amendment right to communicate with "friends, relatives, attorneys, and public officials by means of visits, correspondence, and telephone calls." <u>Owens-El v. Robinson</u>, 442 F. Supp. 1368, 1386 (W.D. Pa.) (citation omitted), <u>supplemented and finalized</u>, 457 F. Supp. 984 (W.D. Pa. 1978), <u>aff'd in part and vacated in part on other grounds sub nom.</u>, <u>Inmates of Allegheny County Jail v. Pierce</u>, 612 F.2d 754 (3d Cir. 1979); <u>see</u> <u>also</u> <u>Pell v. Procunier</u>, 417 U.S. 817, 822 (1974).

Nevertheless, "[a]n inmate does not retain rights inconsistent with proper incarceration. And, as our cases have established, freedom of association is among the rights least compatible with incarceration.  Some curtailment of that freedom must be expected in the prison context."  <u>Overton v. Bazzetta</u>, 539 U.S. 126, 131 (2003).

In this case, however, Plaintiff has not asserted sufficient facts to pass <u>sua</u> <u>sponte</u> screening by stating a claim upon which relief can be granted.  Plaintiff states only that he had trouble processing his visitation forms due to defendant Batiste's actions or inaction.  Plaintiff does not allege that he was ultimately denied visitation privileges due to the actions or inaction of Batiste.  Absent an intentional denial of reasonable visitation rights, the Complaint fails to state a claim under <u>Bivens</u>.

## CONCLUSION

Based on the foregoing, Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1). Despite the above-explained shortcomings in Plaintiff's complaint, this Court will allow Plaintiff to file a motion to amend his complaint, attaching to any such motion a proposed amended complaint, which addresses the deficiencies as outlined above. Specifically, Plaintiff must adhere to the guidance by the Court of Appeals for the Third Circuit, which has explained, "the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage[ ]' but . . . 'calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 230-34 (internal citations omitted).

An appropriate order accompanies this opinion.

                                     **s/ Jerome B. Simandle**
                                     JEROME B. SIMANDLE
                                     United States District Judge

Dated: **December 8, 2010**